United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY,

Plaintiff,

v.

XEROX CORPORATION,

Defendant.

Case No. 25-cv-05044-EKL (VKD)

**ORDER RE FEBRUARY 17, 2026
DISCOVERY DISPUTE; ORDER RE
STATUS REPORT**

Re: Dkt. No. 41

Plaintiff The Board of Trustees of the Leland Stanford Junior University ("Stanford") and defendant Xerox Corporation ("Xerox") ask the Court to resolve their disputes regarding Stanford's document requests to Xerox. Dkt. No. 41. The Court held a hearing on these disputes on March 10, 2026. Dkt. No. 48. For the reasons discussed at the hearing, the Court orders as follows:

1.    With respect to Stanford's document requests seeking documents regarding the condition of the premises (RFPs 4-12), and documents regarding inspection, repair, and maintenance of the premises (RFPs 13-16, 26-28, 30-31), Xerox's obligation to produce responsive documents is limited to regular business records regarding those matters and does not extend to "all documents and communications relating to" such matters.

2.    With respect to Stanford's document requests seeking documents regarding hazardous substances (RFPs 17-23), Xerox's obligation to produce responsive documents is limited to documents concerning the four "hazardous substances" identified in the complaint (trichloroethylene, benzene, chloroform, and 1,3-butadienne). Xerox's obligation to produce responsive documents is also limited to regular business records regarding those matters and does

not extend to "all documents and communications relating to" such matters.

3. With respect to Stanford's document requests (as narrowed)[1] seeking "all communications" regarding Xerox's performance of its lease obligations (RFPs 1-3), Stanford has not shown that such communications are relevant to a claim or defense, nor has it demonstrated that that the scope of production it demands is proportional to the needs of the case.

4. With respect to RFPs 32, 33, and 34-42, the Court understands that Xerox has agreed to produce responsive documents, and that there is no current dispute as to the scope of production.

5. As to RFPs 4-12, 13-16, 26-28, and 30-31, Xerox objects that it should not have to produce responsive documents dating back to the inception of the lease on December 15, 1972. In view of Xerox's representation that no other entity besides Xerox or its subsidiary PARC had responsibility for the leased premises, the only justification Stanford has for discovery of documents dating back to December 1972 is its contention that Xerox committed waste and its demand for treble damages, which generally requires a showing of willful or intentional conduct. Dkt. No. 41 at 2; *see also* Dkt. No. 8-2 ¶¶ 19-24. Xerox argues that Stanford's complaint contains no factual allegations of willful or intentional conduct, and so it should not be permitted to take discovery in support of this contention. Dkt. No. 41 at 6-7. The Court does not disagree with Xerox's characterization of the complaint's allegations; however, Xerox did not challenge any aspect of Stanford's waste claim at the pleading stage, and the claim remains in the case. Nevertheless, the Court questions whether the scope of production Stanford demands—more than 50 years' worth of documents—is proportional to the needs of this case with respect to these document requests. The Court reserves decision on whether the scope of Xerox's production should be limited to a specific time period or time periods, pending receipt of the parties' status report regarding documents obtained from third-party defendant SRI International ("SRI"), which has made its documents, including documents believed to date back to 1972, available for inspection by Stanford.

---

[1] Stanford indicates that it has limited these requests to communications relating to Xerox's obligations under sections 2, 3, 16, and 14 of the lease. Dkt. No. 41 at 3.

6. With respect to Stanford's request for an order requiring Xerox to produce all responsive documents within 14 days, the Court denies this request. Xerox must produce responsive documents on a rolling basis and in sufficient time so that all remaining discovery can be completed before the fact discovery deadline, currently June 8, 2026.

7. Status report: On or before **April 9, 2026**, the parties shall jointly file a status report advising the Court of (1) the extent to which relevant documents responsive to Stanford's disputed RFPs to Xerox have been obtained instead from SRI, (2) whether any disputes remain with respect to the RFPs that are the subject of the February 17, 2026 discovery dispute letter, and (3) the parties' agreed or respective proposals for resolving any such remaining disputes. The joint status report may not exceed 1000 words total, and it may not include attachments or argument.

**IT IS SO ORDERED.**

Dated: March 11, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

3